78 F.3d 592
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re FIRST SECURITIES GROUP OF CALIFORNIA, Debtor.
SECURITIES INVESTOR PROTECTION CORPORATION; Leonard L.
Gumport, Trustee for the liquidation of the
business of First Securities Group of
California, Inc., Appellants,
v.
Edwin and Mildred CONN, Appellees.
 No. 94-56706.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 12, 1995.
Decided March 4, 1996.
 
 1
 Before: FARRIS and RYMER, Circuit Judges, and SINGLETON,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Leonard L. Gumport ("Gumport") and Securities Investor Protection Corporation ("SIPC") appeal the decision of the district court reversing the bankruptcy court's decision. See Volume 2, Excerpts of Record, at 458. Original jurisdiction in the United States District Court, Central District of California, was proper pursuant to 15 U.S.C. § 78eee(b)(2); see also 15 U.S.C. § 78eee(b)(2)(A)(iii). Removal to the bankruptcy court was proper, and jurisdiction was conferred by 15 U.S.C. § 78eee(b)(4); see also 28 U.S.C. § 157(b)(2). Both the appeal and the cross appeal from the bankruptcy court to the district court were timely, and jurisdiction was conferred pursuant to 28 U.S.C. § 158(a). This Court has jurisdiction pursuant to 28 U.S.C. § 158(d). We reverse the district court's decision and reinstate the decision of the bankruptcy court.
 
 
 4
 Edwin and Mildred Conn, in the belief that they were purchasing securities, invested with First Securities Group of California, Incorporated ("First Securities"). First Securities went out of business and employees of First Securities directed the Conns to FSG Financial Services, Inc. ("FSG"), which thereafter accepted the Conns' investments and handled their accounts. Unfortunately, both First Securities and FSG were part of a Ponzi scheme devised by John Genetti and Wesley Scher to defraud the public. The Conns lost thousands of dollars as a result of the Ponzi scheme and sought to recover these losses in bankruptcy court.
 
 
 5
 Since First Securities was a member of the federally chartered non-profit corporation, SIPC, which in effect insures investors in member companies against the kind of losses suffered by the Conns, the bankruptcy court allowed the Conns to recover the money paid to First Securities. However, the bankruptcy court rejected the Conns' argument that they should also recover the money paid to FSG, which was not a member of SIPC. The bankruptcy court addressed both arguments proffered by the Conns. It first rejected the Conns' argument that FSG acted as an agent of First Securities in relation to the Conns' investments. The bankruptcy court held that First Securities and FSG were alter egos since both were used by the swindlers in accomplishing their fraud, but that an agency relationship did not exist. Next, the bankruptcy court concluded that although an alter ego relationship existed, the alter ego doctrine could not be used, under California law, which it found to be applicable, to shift responsibility for a loss to an innocent third party such as SIPC. The Conns appealed both the agency and the alter ego issues to the district court.
 
 
 6
 The district court did not consider the Conns' agency argument. Instead, it accepted the bankruptcy court's finding that First Securities and FSG were alter egos and concluded, as a matter of law, that the alter ego doctrine permits shifting a loss to an innocent third party. The Conns have not pursued this argument on appeal. To the contrary, the Conns abandoned the alter ego issue at oral argument.
 
 
 7
 The Conns argue their alternate theory, which was not reached by the district court: that FSG was an agent of First Securities and that in dealing with the Conns its agents acted with actual or apparent authority from First Securities. Under either state or federal law, we review the bankruptcy court's agency determination for clear error because the facts are not undisputed. Magnecomp Corp. v. Athene Co., Ltd., 257 Cal.Rptr. 278, 283 (Cal.Ct.App.1989); DID Bldg. Serv. Inc. v. NLRB, 915 F.2d 490, 496 (9th Cir.1990).
 
 
 8
 The record supports a finding that, at the time the Conns invested with FSG, First Securities had ceased to function and that the only person who had authority to bind First Securities had severed his relationship with the company. Further, insofar as Genetti's conduct could somehow bestow on FSG actual agency status, there is evidence that Genetti was acting only to benefit himself, not First Securities. Thus, his conduct is not imputed. On the issue of apparent authority, the record supports the conclusion that the Conns knew or should have known that FSG was a successor corporation to First Securities with common employees and agents and was not itself an agent of First Securities. Insofar as Penner and Kantor's statements could create an ostensible agency, there is no evidence that Penner and Kantor could bind First Securities, as it appears that they were acting on behalf of FSG, not First Securities.
 
 
 9
 Because the district court erroneously applied the alter ego doctrine to shift liability to an innocent third party, its judgment is reversed and the case is remanded for further proceedings consistent with this Order.
 
 
 10
 IT IS SO ORDERED.
 
 
 
 *
 The Honorable James K. Singleton, Jr., United States District Judge for the District of Alaska, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3